[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 7, 2007
THOMAS K. KAHN
CLERK

No. 07-11923

_____

D. C. Docket No. 04-02063-CV-TCB-1

JOHN K. ERIGHA,

Plaintiff-Appellant,

versus

GEORGIA DEPARTMENT OF TRANSPORTATION,
THOMAS SCRUGGS,
in his official and individual capacity,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(December 7, 2007)**

Before BIRCH, CARNES, and COX, Circuit Judges.

PER CURIAM:

Although this job discrimination case started out with many more claims and issues, it has been narrowed down to whether the district court properly granted summary judgment against the plaintiff, John K. Erigha, on one of his race-based Title VII and 42 U.S.C. § 1983 claims against the defendants, the Georgia Department of Transportation and one of its officials. The claim that Erigha is still pressing involves the 2004 promotion of Sidney Johnson, a white male, instead of Erigha, a black male, to the position of Materials and Branch Supervisor.

Erigha contends that the district court erred in concluding that he had failed to proffer sufficient evidence to create a genuine issue of material fact regarding whether the defendants' proffered reason for promoting Sidney Johnson, which is that they believed Johnson to be more qualified for the position than Erigha, is pretextual. The primary argument the plaintiff makes is that his evidence shows that Johnson did not meet one of the listed minimum qualifications posted for the job, and for that reason Johnson should never have been considered for the position (even if he turned out to be the best qualified applicant for it). See generally Carter v. Three Springs Residential Treatment, 132 F.3d 635, 644 (11th Cir. 1998). To support this argument, Erigha relies on the application and resume that Johnson filed, which do not clearly show that he satisfied the minimum qualifications concerning "a well-developed knowledge of construction practices" and "a

2

thorough knowledge of procedures for material acceptance testing and/or materials specification requirements." The failure of Johnson's application papers to clearly show that he met those requirements ought to have ended the defendants' consideration of him for the position, Erigha insists, and the willingness of the defendants to overlook that shortcoming in Johnson's application ought to be enough to create an issue of pretext under the Carter decision.

As we pointed out at oral argument, however, Erigha's application also failed to show that he met the minimum qualifications for the job because it did not indicate that he had the required management experience (described in the minimum qualifications as a "[d]emonstrated competency . . . to manage, technically direct, evaluate work of subordinates; to train, develop and coach subordinates; to encourage and facilitate cooperation"). Yet, despite that obvious shortcoming, the defendants allowed Erigha to move to the next step in the process, which was the interview stage, just as they allowed Johnson to do. This undisputed fact proves that the defendants applied the minimum qualifications requirements charitably for all, or at least that they did not treat Erigha, a black, less generously in regard to those qualifications than they treated Johnson, a white. For this reason, no jury reasonably could find from the way the defendants applied the minimum qualifications that their decision to promote Johnson, the better

3

qualified candidate, was based on race.

**AFFIRMED.**